UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELMER D. CHARLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-00876-TWP-DML ) |
| GEO GROUP, INC., NEW CASTLE CORRECTIONALFACILITY c/o Superintendent, Keith Butts, | ) ) ) ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff≒s motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The plaintiff is assessed an initial partial filing fee of Two Dollars and Forty-Nine Cents ($2.49). He shall have **through June 6, 2014,** in which to pay this sum to the clerk of the district court.

**II.**

Plaintiff Elmer D. Charles, an inmate at the New Castle Correctional Facility, filed this civil action against the "Geo Group, Inc., New Castle Correctional Facility." Charles alleges that certain officers failed to protect him and as a result he was injured by another inmate.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

The plaintiff=s claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In this case, the only defendant is the "Geo Group, Inc., New Castle Correctional Facility." The claims against GEO Group are **dismissed** because it is a corporation, and a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). No such policy or practice is alleged in the complaint. To the extent the New Castle Correctional Facility is thought to be a defendant, it is subject to dismissal because it is not a person subject to suit; it is a facility.

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through June 24, 2014,** in which to **file an amended complaint.** The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 06/03/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Elmer D. Charles
#985019
New Castle - CF
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362